```
                    UNITED STATES DISTRICT COURT

                         MIDDLE DISTRICT

                          TAMPA DIVISION


CARL R. JACKSON,                    )  Case No.: 8:00CV694-T-24F
                                    )
        Plaintiff,                  )
                                    )
   vs.                              )  COMPLAINT FOR DAMAGES
                                    )
1.CITY OF TAMPA  (2.),BERNIE        )
                                    )  TRIAL BY JURY REQUESTED
HOLDER,CHEIF OF POLICE CITY OF      )
                                    )
TAMPA,IN BOTH HIS INDIVIDUALLY AND IN)
                                    )
HIS OFFICIAL CAPACITY (3.),POLICE   )
                                    )
OFFICER S. Mc CAUGHEY A.K.A. SKIP Mc)
                                    )
CAUGHEY IN BOTH HER INDIVIDUAL AND IN)
                                    )
HER OFFICIALCAPACITY,BADGE#938(4.)  )
                                    )
POLICE OFFICER MONTAGUE ,IN BOTH HIS)
                                    )
INDIVIDUAL AND IN HIS OFFICIAL      )
                                    )
CAPACITY (5.)POLICE OFFICER JON     )
                                    )
TOUCHTON BADGE # 323 IN BOTH HIS    )
                                    )
INDIVIDUAL AND IN HIS OFFICIAL      )
                                    )
CAPACITY (6.) POLICE OFFICER        )
                                    )
M.G.GRIFFIN BADGE # 453 IN BOTH HIS )
                                    )
INDIVIDUAL AND OFFICIAL CAPACITY (7.))
                                    )
UNNAMED JOHN DOE DEFENDANT'S        )
                                    )
        Defendant's                 )
                                    )
                                    )
```

FILED

00 APR 12 AM 11: 17

TAMPA, FLORIDA

- 1 -

1 )
2 )
   _____)

3                **COMPLAINT FOR DAMAGES**

4 1.This is a civil action seeking damages against the above-captioned

5 defendants for Conspiracy to Harass, embarrass, and repeated violations of

6 plaintiff's constitutional rights as guaranteed to plaintiff by the U.S.

7 Constitution.

8 2.This action is brought pursuant to 42 U.S.C. Sections 1983 and 19888

9   for multiple violations of plaintiff constitutional right to be secured in

10   his persons, houses, papers, and effects, against unlawful seizures, as

11   afforded to plaintiff by the Fourth, Amendments to the United State

12   Constitution and repeated deprivation of plaintiff right to due process of

13 law and protection from ex post facto laws as guaranteed to plaintiff by the

14 Fourteenth Amendment and Article 1 Sec 9 of the of the United States

15 Constitution.

16 3.The court has jurisdiction of this action under 42 U.S.C. Section 1983, 28

17   U.S.C. Sections 1343, and 1331.

18 4. The amount in controversy exceeds sixty-million dollars (60,000,000,00).

19 5. Venue is placed in this district because it is where events complained

20   occurred.

21 6. The actions of defendant's create a liberty interest.

22                    **PARTIES**

23 7.Plaintiff,Carl R.Jackson, is a citizen of the United States of America,

24   a resident of the State of Florida, and of the City of Tampa.

25 8.At all times pertinent to the allegations of this complaint Defendant No.2

Bernie Holder , Chief of Police, City of Tampa, and he is sued both individual and in his official capacity.

9. At all times pertinent to the allegations of this complaint, defendant,No.3 officier Mc Caughey a/k/a Skip Mc Caughey was employed as a police officer by the City of Tampa and is sued in both her individual and her official capacity.

10. At all times pertinent to the allegations of this complaint, defendant No.4. Officer Montauge was  employed as a police officer by the City of Tampa and he is sued both in his individual and official capacity. is sued both individually and in his official capacity.

11. At all times pertinent to the allegations of this complaint, defendant   defendant Touchton  defendant No.5 was employed by the City of Tampa as a police officer and he is sued in both his individual and official capacity.

12. At all times pertinent to the allegations of this complaint, defendant   No. 6  Griffin was employed by the City of Tampa as a police Officer and is sued in both his individual and  official capacity.

At all times pertinent to the allegations of this complaint defendant's    acted with meeting of minds with other defendant's in willful and premeditation wanton disregard under the color of state law did conspire to embarrass  humiliate ,and interfer with plaintiff's daily routine and plaintiff's work routine causing   plaintiff to suffer in performance of duties

13. At all times pertinent to this complaint, defendant's sued acted under color of state law, statutes, ordinances, regulations, policies, customs, and usage of the State of Florida, and City of Tampa.

**CAUSE OF ACTION**

14. The plaintiff had at no time committed any act in the presence of the Defendants which constitute either a felony, misdemeanor or violation of Any state statutes, nor was they're in existence any reasonable cause to Believe that a felony had been committed or that plaintiff had committed same.

15. That defendant No. (2) Holder in his official capacity as Chief of Police City of Tampa through his implemendation of his own policy not the law to make unanounced visits to homes of those with a prior conviction of a sexual offense under the unlawful justification that defendant Holder has the the authority by laws that require the registration of convicted sex offenders specifically Fla. Stat. 944.606 to demand entrance without warrant or probable cause into the homes of convicted sex offenders and demand under threat of arrest for a 3rd degree felony the surrendering of plaintiff drivers license in order to verify or comfirm plaintiffs address as reported to the Florida Department of Motor Vehicles some type of inspection and requiring That said policy is arbritrary and overbreath in it's application and enforcement in violation of the Fourteenth Amendment to the U. S. Constitution and is not authorized by law but rather represents a personal policy of defendant Police Chief Holder which is a manipulation of the language of Fla. Statutes 944,606 and 944,607 plaintiff is left to only guess that defendant Holder is under the unlawful assumption that under Fla. Stat. 944,606, and 944,607 convey to him the authority to make these unanounced visits and demand that plaintiff be at their residence in order to seize

plaintiffs driving license to verify current address and confirm his presence there is derived through section 944,606 paragraph (d) which states [NO AUTHORITY TO DEFENDANT'S THAT] " Upon receiving information regarding a sexual offender from the Department of Law Enforcement, the sheriff or the chief of police shall provide the information described in subparagraph (a)1.to any individual who request such information to the public in any manner deemed appropriate, unless the information so received is confidential or exempt from s. 119.07(1)and s. 24(a), Art. 1 of the State Constitution." this manipulation of the language of the statutes language by defendant Holder is a strech and a very long one at that to fit his scheme it is not a blank check carta blanch to him to detain plaintiff in his home and demand at threat of arrest that plaintiff surrender his driving licences without probale cause in violation of plaintiffs Fourth Amendment rights as guaranteed to plaintiff by the U.S. Constitution and takes resembelence to a Jules Verne like creature or a large octopus whose tenitcals have now reached out and taken hold of sacred ground which is the protection afforded to all from unlawful seizures as provided to plaintiff by the Fourth Amendment to the United States and in violation of the U.S. Supreme Court historic ruling in <u>Mapps v. Ohio</u> defendant Holder has with meeting of mind conspires with defendants officer McCauhey, officier Montauge and defendant [TOUCHTON, GRIFFIN HAS] acted and malice,and premeditation under color of state law acted with willful, and wanton disregard of plaintiffs rights under the Fourth, Fourteenth Amendments and Article 1 Section 9 of the United States Constitution and in contravention of the letter and spirit of 42 U.S.C. 1983 that said policy of defendant Holder constitutes selective punishment, and is designed to harrass ,humiliate, plaintiff.   in attempt by defendant's Holder, Mc Caughey Montauge Touchton,

Griffin to harass, embarrass,to attempt to intimidate plaintiff in one instance defendant police officer Mc Caughey in a threathening manner went so far as to inform plaintiff that he could expect to be visited at his residence at least three times a day this attempt to embarrass the plaintiff in the eyes of his neighbors, and cause disunion among his landlady a 78 year young lady who has been forced to bear the brunt of these intrusions to her home were she is almost now living in fear rising each time a car pulls into the driveway at one time actually banging her toe against furniture and being subject to being awaken at all times of the night as well it should be pointed out that she is not a convicted sex offender nor is she on probation for such, these actions by defendants Holder, Mc Caughey,Montaue and Defendant Touchton,Griffin are designed to cause discord among plaintiff and his landlady and to cause the dislogement of plaintiff and cause him to become homeless in violation of plaintiffs Fourth Amendment rights to be safe and secure in his person, houses, papers, and effects against unreasonablw searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affiration,and particulary describing the place to be searched, and the persons or things to be seized as guaranteed to plaintiff by the Fourth Amendment to the United States Constitution. Additionally defendant Mc Caughey had now threathened plaitiff with arrest for failing to give her plaintiff drivers license informing plaintiff that due to the offense of his conviction it is now a third degree felony under Florida Statute if he so refuses to do so, this is a significant increase of punishment that plaintiff was not subject to prior to his 1992 conviction and is therefore in violation of plaintiffs protection against

1  ex post facto laws as provided to plaintiff by Article 1 Section 9 of the

2  United States Constitution.

3  16. That because of the execution of said policy of the City of Tampa Police

4  Department defendant #1 City of Tampa is in violation of plaintiffs federally

5  protected rights as guaranteed to plaintiff by the Fourth Amendment

6  To the United States Constitution.

7  17. Because of defendants actions plaintiff has been made to suffer great

8     Pain, both physical and mental, great monetary loss, deprivation income,

9     Capacity for the full enjoyment of life and loss of ability to function

10    As a member of his family and community, and is entitled to a substantial

11    award of both punitive damages.

12 Wherefore plaintiff demands jury trial, based upon the forgoing, plaintiff

13 prays that judgment be entered in his favor and against these defendants and

14 that plaintiff be awarded:

15 1. Compensatory or actual damage in the amount of sixty-million dollars

16    ($60,000.000.00).

17 2. Punitive damages in the amount of sixty--million dollars ($60,000.000.00)

18

19                                                                Respectfully submitted

20

21

22 By: _____
     CARL R. JACKSON-Pro Se
     Plaintiff
23      112 West Stanley Street
     Tampa, Florida 33604
24      813-232-8623

25